597 So.2d 372 (1992)
Anthony VALENCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2286.
District Court of Appeal of Florida, Third District.
April 14, 1992.
Scott W. Sakin, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash and Richard Fechter, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Anthony Valencia from a final judgment of conviction and sentence for manslaughter which was entered below based on an adverse jury verdict. The sole point on appeal is that the evidence adduced by the state at trial was insufficient to support the defendant's conviction for manslaughter, and that, accordingly, the trial court erred in denying the defendant's motions for judgment of acquittal at the close of the state's case and at the close of all the evidence. We disagree and affirm.
Contrary to the defendant's argument, the evidence adduced at trial does not establish, as a matter of law, that the defendant's admitted killing of the deceased was an excusable homicide upon a sudden combat as defined by Section 782.03, Florida Statutes (1989). To the contrary, there was no actual or figurative sudden combat between the defendant and the deceased at all; the two had not squared off for a physical fight or indeed even exchanged threats or angry words. Simply put, the evidence shows that the defendant unexpectedly turned and struck the deceased in the face with the defendant's fist, while the two were walking toward the kitchen in the house of a third party, causing the deceased to fall and hit his head on the floor which led to his death. This was a classic manslaughter under Section 782.07, Florida Statutes (1989), and was in no sense an excusable homicide upon a sudden combat. See Tuff v. State, 509 So.2d 953 (Fla. 4th DCA 1987); Brate v. State, 469 So.2d 790 (Fla. 2d DCA), rev. denied, 479 So.2d 117 (Fla. 1985).
Affirmed.